IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| GEORGIA SOUTHERN UNIVERSITY ) <br> HOUSING FOUNDATION ONE, LLC ) <br>     Plaintiff, ) <br> ) <br> vs. ) <br> CAPSTONE DEVELOPMENT CORP., ) <br> CAPSTONE BUILDING CORP. and BR) <br> BRICK & STONE, L.P. ) <br>     Defendants. ) | Civil Action <br> File No. 6:11-cv-00104-LGW-GRS |

## DEFENDANT CAPSTONE BUILDING CORP.'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant Capstone Building Corp. ("CBC") and files its Answer to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred in whole, or in part, by the applicable statute of limitations, repose, and laches.

### THIRD DEFENSE

The damages, if any, claimed by the Plaintiff were caused in whole, or in part, by persons or entities other than this defendant.

## FOURTH DEFENSE

No act or omission on the part of this defendant proximately caused Plaintiff's alleged injuries or damages.

## FIFTH DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

## SIXTH DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

## SEVENTH DEFENSE

Plaintiff's claims are barred by its failure to mitigate its damages.

## EIGHTH DEFENSE

Plaintiff's claims are barred by Plaintiff's failure to join an indispensable party.

## NINTH DEFENSE

CBC incorporates by reference any and all defenses asserted by Capstone Development Corp. and BR Brick & Stone, LP against the claims asserted by Plaintiff.

## TENTH DEFENSE

CBC reserves the right to amend their answer to assert additional affirmative defenses after the commencement of discovery in this action.

Responding to the individually numbered paragraphs contained in Plaintiff's Complaint for Damages, CBC responds as follows:

1.

CBC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of Plaintiff's Complaint and, therefore, denies the same.

2.

CBC denies that jurisdiction and venue are proper in the Superior Court of Bulloch County, Georgia. CBC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of Plaintiff's Complaint and, therefore, denies the same.

3.

CBC admits that it is incorporated under the laws of Alabama and has its principal place of business in Birmingham, Alabama. CBC further admits that it is authorized to do business in the State of Georgia and may be served through Corporation Service Company at 40 Technology Parkway South, #300, Norcross, Georgia 30092. CBC denies the remaining allegations contained in paragraph 3 of Plaintiff's Complaint.

4.

CBC denies that jurisdiction and venue are proper in the Superior Court of Bulloch County, Georgia. CBC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of Plaintiff's Complaint and, therefore, denies the same.

5.

CBC denies the allegations contained in paragraph 5 of Plaintiff's Complaint.

## FACTS COMMON TO ALL COUNTS

6.

CBC admits that a copy of a development agreement was attached to the Complaint as Exhibit "A". CBC states that the terms and conditions of the development agreement speaks for itself. CBC is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 6 of Plaintiff's Complaint and, therefore, denies the same.

7.

CBC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of Plaintiff's Complaint and, therefore, denies the same.

8.

CBC states that the terms and conditions of the development agreement speaks for itself. CBC is without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations contained in paragraph 8 of Plaintiff's Complaint and, therefore, denies the same.

9.

CBC admits that is acted as the general contractor on the project. CBC denies the remaining allegations contained in paragraph 9 of Plaintiff's Complaint.

10.

CBC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of Plaintiff's Complaint and, therefore, denies the same.

11.

CBC denies any and all allegations in paragraph 11 of Plaintiff's Complaint that relates to CBC in any way, and denies that it is liable to Plaintiff under any theory. CBC is without knowledge or information sufficient to form a belief as to the truth and/or falsity of the remaining allegations contained in paragraph 11 of Plaintiff's Complaint and, therefore, denies the same.

12.

CBC denies the allegations as stated in paragraph 12 of Plaintiff's Complaint.

13.

CBC denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.

CBC denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.

CBC denies the allegations as stated contained in paragraph 15 of Plaintiff's Complaint.

16.

CBC denies the allegations as stated contained in paragraph 16 of Plaintiff's Complaint.

17.

CBC denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

18.

CBC denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

19.

CBC denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.

CBC denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.

CBC denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

## COUNT I – BREACH OF CONTRACT

22.

CBC reasserts and incorporates by reference its responses to paragraphs 1 through 21 of Plaintiff's Complaint as if set forth fully herein.

23.

CBC denies any and all allegations in paragraph 23 of Plaintiff's Complaint that relates to CBC in any way, and denies that it is liable to Plaintiff under any theory. CBC is without knowledge or information sufficient to form a belief as to

the truth and/or falsity of the remaining allegations contained in paragraph 23 of Plaintiff's Complaint and, therefore, denies the same.

24.

CBC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of Plaintiff's Complaint and, therefore, denies the same.

25.

CBC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of Plaintiff's Complaint and, therefore, denies the same.

## COUNT II – NEGLIGENT CONSTRUCTION

26.

CBC reasserts and incorporates by reference its responses to paragraphs 1 through 25 of Plaintiff's Complaint as if set forth fully herein.

27.

CBC states that it acted as the general contractor in performing certain work related to the project. CBC further states that it exercised the legally required level of care and skill as ordinarily required under similar conditions and circumstances such as existed during the time period of this project. DLB denies the remaining allegations contained in paragraph 27 of Plaintiffs' Complaint.

28.

CBC denies the allegations contained in paragraph 28 of Plaintiff's Complaint.

29.

CBC denies the allegations contained in paragraph 29 of Plaintiff's Complaint.

30.

CBC denies the allegations contained in paragraph 30 of Plaintiff's Complaint.

## COUNT III – BREACH OF WARRANTY

31.

CBC reasserts and incorporates by reference its responses to paragraphs 1 through 30 of Plaintiff's Complaint as if set forth fully herein.

32.

CBC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of Plaintiff's Complaint and, therefore, denies the same.

33.

CBC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of Plaintiff's Complaint and, therefore, denies the same.

34.

CBC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34 of Plaintiff's Complaint and, therefore, denies the same.

35.

CBC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35 of Plaintiff's Complaint and, therefore, denies the same.

**BREACH OF CONTRACT TO REPAIR**

36.

CBC reasserts and incorporates by reference its responses to paragraphs 1 through 35 of Plaintiff's Complaint as if set forth fully herein.

37.

CBC denies the allegations contained in paragraph 37 of Plaintiff's Complaint.

38.

CBC denies the allegations as stated in paragraph 38 of Plaintiff's Complaint.

39.

CBC denies the allegations contained in paragraph 39 of Plaintiff's Complaint.

40.

CBC denies the allegations contained in paragraph 40 of Plaintiff's Complaint.

41.

CBC denies the allegations contained in paragraph 41 of Plaintiff's Complaint.

## COUNT V – NEGLIGENT REPAIR

42.

CBC reasserts and incorporates by reference its responses to paragraphs 1 through 41 of Plaintiff's Complaint as if set forth fully herein.

43.

CBC denies the allegations contained in paragraph 43 of Plaintiff's Complaint.

44.

CBC denies the allegations contained in paragraph 44 of Plaintiff's Complaint.

45.

CBC denies the allegations contained in paragraph 45 of Plaintiff's Complaint.

46.

CBC denies the allegations contained in paragraph 46 of Plaintiff's Complaint.

## COUNT VI – ATTORNEYS' FEES

47.

CBC reasserts and incorporates by reference its responses to paragraphs 1 through 46 of Plaintiff's Complaint as if set forth fully herein.

48.

CBC denies the allegations contained in paragraph 48 of Plaintiff's Complaint.

49.

Any allegations set forth in Plaintiff's Complaint which have not been specifically admitted, denied or otherwise addressed above, are hereby denied by CBC.

WHEREFORE, having fully answered Plaintiff's Complaint, CBC prays as follows:

(a)   that the Court dismiss Plaintiff's Complaint with all costs of Court being case against Plaintiff, including reasonably attorney's fees and costs;

(b)   that CBC receive a trial by jury on all issues so triable; and

(c)   that CBC receive such other relief as the Court deems appropriate.

Respectfully submitted this 2nd day of March 2012.

|  | CARLOCK, COPELAND & STAIR, LLP |
|---|---|
| 191 Peachtree Street, NE<br>Suite 3600<br>Atlanta, Georgia 30303<br>404-522-8220<br>..........<br>P.O. Box 56887<br>Atlanta, Georgia 30343-0887 | By:   *s/William P. Jones*<br>KENT T. STAIR<br>State Bar No.: 674025<br>WILLIAM P. JONES<br>(*admitted pro hac vice*)<br>State Bar No. 398229<br><br>Attorneys for Capstone Building Corp. |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing with the Court using the CM/ECF system which will automatically send e-mail notification of such filing, and via U.S. Mail, proper postage prepaid to the following attorneys of record:

Charles P. Aaron
Gerald M. Edenfield
15 Savannah Avenue
P.O. Box 1700
Statesboro, GA  30459

**Attorney for Plaintiffs**

James L. Roberts, IV
Jason M. Tate
Roberts Tate, LLC
114 Island Professional Park
Post Office Box 21828
St. Simons Island, GA  31522

**Attorney for Capstone Development Corp.**

David M. Atkinson
Magill Atkinson Dermer, LLP
1175 Peachtree Street NE
100 Colony Square, Suite 2000
Atlanta, GA  30361-6206

**Attorney for Capstone Development Corp.**

Troy Allen Lanier
Tucker, Everitt, Long, Brewton & Lanier
453 Greene Street
Augusta, GA  30901

**Attorney for BR Brick & Stone, L.P.**

This 2nd day of March, 2012.

/s/ *William P. Jones*
Kent T. Stair
Georgia Bar. No. 674025
William P. Jones
Georgia Bar No. 398228
(*admitted pro hac vice*)

191 Peachtree Street NE, Suite 3600
Atlanta, GA  30303
(404) 522-8220 (phone)
(404) 222-9482 (fax)
*Attorneys for Capstone Building Corp.*

3733526v.1